UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE HART KRUEGER,

        Petitioner,

                                                    Civil No. 2:12-CV-13108
v.                                         HONORABLE VICTORIA A. ROBERTS
                                                    UNITED STATES DISTRICT COURT

LINDA TRIBLEY,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Kyle Hart Krueger, ("Petitioner"), incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges the Michigan Parole Board's refusal to grant him parole on his conviction for two counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(A).

The petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

**I. Background**

Petitioner was convicted in the Macomb County Circuit Court of two counts of second-degree criminal sexual conduct and was sentenced to concurrent sentences of three to fifteen years in prison. On March 23, 2012, the Michigan Parole Board denied

1

Petitioner release on parole and ordered a continuation of imprisonment for eighteen months. The Parole Board indicated that it lacked a "reasonable assurance" that Petitioner would "not become a menace to society or to the public safety" if released on parole. The Parole Board based its decision on the fact that Petitioner had been convicted of a sexually motivated crime that was assaultive in nature involving a minor/child victim who was a family member or acquaintance. The Parole Board also found that Petitioner violated a position of trust or authority in committing this crime. The Parole Board noted Petitioner had a history of drug or alcohol related crimes. Lastly, the Parole Board indicated that Petitioner had a history of long-standing substance abuse.

Petitioner seeks a writ of habeas corpus; he says he was denied due process by the Parole Board.

## II.  Discussion

Petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28

U.S.C. foll. § 2254. Long ago, the Sixth Circuit indicated disapproval of "the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a rsponse by the state. *Id.*

The Court reviewed this petition as required by Rule 4, and concludes that Petitioner's parole claims do not entitle him to habeas relief; this petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner acknowledges that he has yet not presented his claims to the Michigan courts. However, in light of the fact that Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board, Petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005).

Petitioner claims that he has wrongfully been denied release on parole.

A convicted person has no constitutional right a to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). In other words, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp.

3

2d 789, 792 (E.D. Mich. 1999).  The Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for a prisoner to be paroled prior to the expiration of his or her sentence. *See Crump v. Lafler*, 657 F. 3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 Fed.Appx. 739, 740-41 (6th Cir. 2006), *Ward v. Stegall,* 93 Fed. Appx. 805, 806-07 (6th Cir. 2004)*; Carnes v. Engler,* 76 Fed.Appx. 79, 80 (6th Cir. 2003); *Sweeton v. Brown*, 27 F.3d 1162, 1164–165 (6th Cir.1994)(en banc).

Petitioner first contends that the Parole Board impermissibly relied on the second-degree criminal sexual conduct offenses that he was convicted of to deny him parole.  It is permissible, however, for a parole board to deny an inmate release on parole because of the nature or severity of his criminal offense and sentence. *See e.g. Bell v. Anderson,* 301 Fed. Appx. 459, 462 (6th Cir. 2008); *Swihart v. Wilkinson,* 209 Fed. Appx. 456, 459 (6th Cir. 2006); *Bell v. Ohio Adult Parole Authority,* 23 Fed. Appx. 478, 479-80 (6th Cir. 2001); *Parker v. Corrothers,* 750 F. 2d 653, 662 (8th Cir. 1984); *Schuemann v. Colorado State Bd. Of Adult Parole,* 624 F. 2d 172, 174 (10th Cir. 1980); *Davis v. Thomas,* 256 F. Supp. 2d 190, 191 (S.D.N.Y. 2003).  Indeed, "[r]ecidivism, community safety, the degree of success (and failure) of remedial programs for sex offenders in general and pedophiles in particular, and the consequences to the community of an erroneous decision to release," are valid considerations for the Michigan Parole Board to use in deciding whether to release a convicted sex offender on parole. *See Juarez v. Renico,* 149 F. Supp. 2d 319, 325 (E.D. Mich. 2001).

Petitioner also says that the Michigan Parole Board failed to offer substantial or compelling reasons, as required by M.C.L.A. 791.233e, for ignoring the Michigan Parole Guidelines, which gave Petitioner a high probability score for being paroled.

That Petitioner was given a high probability score for being paroled does not give rise to a protected liberty interest in parole. *See Crump v. Lafler,* 657 F. 3d at 403-04. The Sixth Circuit in *Crump* noted:

> While Petitioner may have been classified as a "high probability of parole," a *probability* does not equal a presumption. As defined by the *Oxford English Dictionary*, probability means "[t]he property or fact of being probable, esp. of being uncertain but more likely than not." Oxford English Dictionary (3d ed. 2007). Everyday parlance is quite consistent with this definition: "probability" lies at some distance from certainty. Neither can a probability, incorporating as it does that degree of uncertainty, rise to the significance of a mandated result, or a presumption. Even if a grant of parole were viewed as "more likely than not" to occur, the outcome nonetheless remains "uncertain," and therefore "more likely than not" cannot create a presumption's "entitlement" to that result; there can be no legitimate expectation or entitlement properly founded on the basis of an event the occurrence of which is merely "likely."
> *Crump,* 657 F. 3d at 404 (emphasis original).

In addition, Petitioner does not have a protected liberty interest in parole just because Michigan's parole scheme requires the Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range. *See Carnes v. Engler,* 76 Fed. Appx. at 80.

Where an inmate has no legitimate expectation of, and thus no liberty interest in, parole, as is the case here, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson v.*

*Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004); *See also Coleman v. Martin,* 63 Fed. Appx. 791, 792-93 (6th Cir. 2003)(prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines). Moreover, even if the Parole Board relied on inaccurate information to score Petitioner's parole guidelines or to deny him parole, thus would not violate any liberty interest protected by the federal constitution. *See e.g. Caldwell,* 158 Fed. Appx. at 741.

### III. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of

appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in parole, he cannot make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on his claims. *See Heidelberg v. Illinois Prisoner Review Bd.,* 163 F. 3d 1025, 1025-27 (7th Cir. 1998).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). A certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, but a court can grant IFP status if it finds that an appeal is taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV.   ORDER

The Petition for Writ of Habeas Corpus is **SUMMARILY DENIED**.

A Certificate of Appealability is **DENIED**.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 24, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record and Kyle Hart Krueger by electronic means or U.S. Mail on July 24, 2012.
>
> S/Linda Vertriest
> Deputy Clerk